IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| JULIA YOUNG, Individually and as Surviving Spouse and Next of Kin of CECIL YOUNG, DEBRA WILLIAMS, MICHAEL YOUNG, and CECIL YOUNG, JR., as Surviving Children of CECIL YOUNG, </br></br> Plaintiffs, </br></br> v. </br></br> OLYMPUS AMERICA, INC., </br></br> Defendant. | </br></br></br></br></br></br></br></br></br></br></br></br>No. 07-2547-STA |

---

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. GARY SALZMAN

---

Before the Court is Defendant's Motion in Limine to Exclude the Testimony of Dr. Gary Salzman (D.E. # 49 ) filed on March 16, 2010.  Plaintiffs have responded in opposition to the Motion.  For the reasons set forth below, Defendant's Motion is **DENIED** without prejudice.

Plaintiffs have alleged a series of product liability claims against Defendant arising from the distribution of a medical device known as a bronchoscope.  Plaintiffs allege that their father Cecil Young, deceased, contracted a bacterial infection in 2001 due to a defect in Defendant's bronchoscope.  According to Plaintiffs, the defect in the bronchoscope allowed bacteria to collect on the instrument and prevented normal sterilization procedures from eliminating the bacteria.

In the Motion before the Court, Defendant argues that the testimony of Dr. Salzman,

1

Plaintiffs' expert witness about the dangerous condition of Defendant's bronchoscope, should be excluded because it is not based on relevant evidence and it is not the product of reliable principles or methods. Dr. Salzman has opined that it is more likely than not that a bacteria known as a *Pseudomonas aeruginosa* ("P.A.") "was introduced into Cecil Young's [Plaintiffs' decedent] respiratory system during the April 3, 2001 bronchoscopy by the defective Olympus bronchoscopy." According to Defendant, Dr. Salzman has based this conclusion on a series of factual assumptions which are unsupported in the record. Defendant objects that Plaintiffs lack any proof that a recalled bronchoscope was used on Mr. Young, that the bronchoscope was ever recalled by Defendant, which bronchoscope was used on Mr. Young, and whether the bronchoscope was infected with P.A. As a result, Dr. Salzman's opinion is based on mere assumption, and the Court should exclude his testimony under Federal Rule of Evidence 702 and the *Daubert* standards for the admissibility of expert opinions.

Plaintiffs have responded in opposition that it is premature to exclude Dr. Salzman's testimony. Plaintiffs have cited their motion to extend the discovery deadlines and their request in response to Defendant's motion for summary judgment for additional discovery pursuant to Rule 56(f). Because discovery is not complete and the parties have not deposed Dr. Salzman, it would be improper to exclude his opinion at this time. Plaintiffs also dispute several of the factual contentions in Defendant's brief. Plaintiffs cite evidence already in the record for the proposition that Cecil Young did not exhibit any signs of a P.A. infection until April 18, 2001, about two weeks after he underwent the bronchoscopy. Dr. Salzman has based his conclusions in part on a study concluding that P.A. infections "were potentially attributable to bronchoscopy if they occurred in the fourteen days after the procedure." Defendant's argument that Dr.

Salzman has simply adopted a simplistic *post hoc, ergo propter hoc* theory of causation is unfounded. Therefore, the Court should deny Defendant's Motion.

Because the Court has granted Plaintiffs' additional time for discovery pursuant to Rule 56(f), Defendant's Motion in Limine is denied without prejudice. First, the Court finds that some of the assumptions Defendant has attacked in the instant Motion are supported in the record. For example, Plaintiffs have asserted that Methodist Hospital now admits that the bronchoscope used in Cecil Young's bronchoscopy was recalled by Defendant and that the bronchoscope had the very defect associated with a risk of P.A. infection, namely, a loose biopsy port. Additionally, the parties will be permitted to engage in further discovery to develop the record more completely including an opportunity to depose Dr. Salzman. Therefore, the Court denies the Motion in Limine to Exclude the Tesitmony of Dr. Salzman without prejudice.

**IT IS SO ORDERED.**

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

Date: May 7th, 2010.