IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JULIA YOUNG, Individually and as            )
Surviving Spouse and Next of Kin of         )
CECIL YOUNG, DEBRA WILLIAMS,                 )
MICHAEL YOUNG, and CECIL                     )
YOUNG, JR., as Surviving Children of         )
CECIL YOUNG,                                 )
                                             )
        Plaintiffs,                          )
                                             )
v.                                           )         No. 07-2547-STA
                                             )
OLYMPUS AMERICA, INC.,                       )
                                             )
        Defendant.                           )

---

**ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND THE COURT'S
SUMMARY JUDGMENT ORDER**

---

Before the Court is Plaintiffs' Motion to Alter or Amend the Court's Summary Judgment Order (D.E. # 63) filed on June 1, 2010. Defendant has responded in opposition. For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

## BACKGROUND

Plaintiffs have alleged a series of product liability claims against Defendant arising from the distribution of a medical device known as a bronchoscope. Plaintiffs allege that their father Cecil Young, deceased, contracted a bacterial infection in 2001 due to a defect in Defendant's bronchoscope. According to Plaintiffs, the defect in the bronchoscope allowed bacteria to collect on the instrument and prevented normal sterilization procedures from eliminating the bacteria.

1

Plaintiffs originally filed suit in the Circuit Court for Shelby County, Tennessee, against Defendant OAI; Dr. Lisa Kennedy ("Dr. Kennedy"), the physician who performed the bronchoscopy on Cecil Young; and Methodist Hospital-North ("Methodist"), the hospital where the bronchoscopy was performed.  After Defendant OAI moved for summary judgment in the state court proceeding, Plaintiffs voluntarily dismissed Defendant OAI from the case; however, their claims against the physician and the hospital remain pending in state court.

On May 6, 2010, the Court granted in part and denied in part Defendant's motion for summary judgment.[1]  Among other holdings, the Court dismissed Plaintiffs' claims for negligence and failure to warn.  Tenn. Code Ann. § 29-28-106(a) bars a product liability claim against a seller where the product is acquired and sold by the seller in a sealed container. Plaintiffs failed to adduce any evidence to contest Defendant's evidence that it was simply the "seller" and not the "manufacturer" of the bronchoscope, as those terms are defined under Tennessee law.  Nor did Plaintiffs request an opportunity to obtain more discovery on this issue in their Rule 56(f) motion.  Therefore, the Court granted Defendant summary judgment on the claims for on the basis of negligence and failure to warn under Tenn. Code Ann. § 29-28-106(a).

## STANDARD OF REVIEW

Plaintiffs have brought this Motion pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(2) & (3).  Rule 59(e) requires that a motion to alter or amend a judgment must be filed "no later than 28 days after the entry of the judgment."[2]  In this case, the Court entered its Order on May 6, 2010.  Plaintiffs's Motion was filed on June 1, 2010, within the 28 days permitted by

---

[1] D.E. # 55.

[2] Fed. R. Civ. P. 59(e).

2

Rule 59(e).  Consequently, the Court will analyze the Motion pursuant to the Rule 59 standard.[3]

Motions under Rule 59(e) may be based upon one of the following reasons: (1) a clear error of

law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to

prevent manifest injustice.[4]  In order to constitute "newly discovered" evidence for purposes of

Rule 59(e), the new evidence must have been previously unavailable.[5]  Furthermore, Rule 59(e)

motions should not be based on legal arguments that the movant simply failed to raise in the

earlier motion.[6]

## ANALYSIS

In the Motion before the Court, Plaintiffs have come forward with what they contend is

newly discovered evidence, demonstrating that Defendant is the U.S. agent for the Japanese firm

that manufactured the bronchoscope at issue in this case.  Plaintiffs state, "In a continuing review

---

[3] *E.g. Westerfield v. United States*, 2010 WL 653535, at *5 (6th Cir. Feb. 24, 2010); *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999).  *See also* Fed. R. Civ. P. 59(e).  Plaintiffs have cited Rule 60(b)(2), which lists "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" as grounds to relieve a party of a final order.  Fed. R. Civ. P. 60(b)(2).  Because Plaintiffs' Motion was filed in time to be considered a Rule 59 motion, the Court holds that it is unnecessary to apply Rule 60(b)(2).

[4] *GenCorp*, 178 F.3d at 834 (citations omitted).

[5] *CGH Transport, Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 824 (6th Cir. 2008).

[6] *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007).  *See Al-Sadoon v. FISI Madison Fin. Corp.*, 188 F. Supp. 2d 899, 903 (M.D. Tenn. 2002) (refusing to reconsider an order denying an employer's summary judgment motion where the motion to reconsider argued that the employee had failed to establish one element of a prima facie case, while the original summary judgment motion solely argued that he had failed to establish another); *see also Vanguard Transp. Sys., Inc. v. Volvo Trucks N. Am., Inc.*, No. 2:04-cv-889, 2006 WL 3097189, at *2 (S.D. Ohio Oct. 30, 2006) ("[M]otions under Rule 59(e) may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (citations and internal quotation marks omitted).

of the several thousand documents produced to Plaintiffs by OAI, Plaintiff's counsel came upon [the new] information. . . ."[7]  Defendant points out in its response that the document containing the "newly discovered evidence" was actually produced in discovery on February 12, 2010, several months prior to the briefing on Defendant's motion for summary judgment.  It is undisputed then that the evidence was not "previously unavailable."  Therefore, Plaintiffs' Motion must be **DENIED**.

Plaintiffs have also made passing reference to Rule 60(b)(3) and argued that "OAI's claim that it 'merely distributes' the bronchoscopes could be viewed as a misrepresentation or even intrinsic fraud on the Court."[8]  Rule 60(b)(3) provides that "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party" may justify relief from a final judgment, order, or proceeding.[9]  The premise of this serious accusation is that Defendant is actually the "manufacturer" of the device for purposes of federal law and that Defendant knew this at the time that it filed its motion suggesting that it was only a distributor.  However, as Defendant argues in its response, Plaintiffs cite no authority for the proposition that the definition of "manufacturer" from a single federal regulation is in anyway relevant to the Tennessee Products Liability Act and its statutory definition of a "manufacturer."  For this reason, the Court finds that Plaintiff's Rule 60(b)(3) argument has no merit.  Therefore, Plaintiffs' Motion is **DENIED** on those grounds.

---

[7] Pls.' Mot. Alter J. 2.

[8] *Id*. at 3.

[9] Fed. R. Civ. P. 60(b)(3).

4

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 23rd, 2010.