IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| JULIA YOUNG, Individually and as Surviving Spouse and Next of Kin of CECIL YOUNG, DEBRA WILLIAMS, MICHAEL YOUNG, and CECIL YOUNG, JR., as Surviving Children of CECIL YOUNG, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   No. 07-2547-STA ) |
| OLYMPUS AMERICA, INC., | ) ) |
| Defendant. | ) |

---

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S SUMMARY JUDGMENT ORDER**

---

Before the Court is Defendant Olympus America, Inc. ("OAI")'s Motion for Reconsideration (D.E. # 59) filed on May 14, 2010. For the reasons set forth below, Defendant's Motion is **DENIED**.

**BACKGROUND**

Plaintiffs have alleged a series of product liability claims against Defendant arising from the distribution of a medical device known as a bronchoscope. Plaintiffs allege that their father Cecil Young, deceased, contracted a bacterial infection in 2001 due to a defect in Defendant's bronchoscope. According to Plaintiffs, the defect in the bronchoscope allowed bacteria to collect on the instrument and prevented normal sterilization procedures from eliminating the bacteria.

1

Plaintiffs originally filed suit in the Circuit Court for Shelby County, Tennessee, against Defendant OAI; Dr. Lisa Kennedy ("Dr. Kennedy"), the physician who performed the bronchoscopy on Cecil Young; and Methodist Hospital-North ("Methodist"), the hospital where the bronchoscopy was performed. After Defendant OAI moved for summary judgment in the state court proceeding, Plaintiffs voluntarily dismissed Defendant OAI from the case; however, their claims against the physician and the hospital remain pending in state court.

On May 6, 2010, the Court granted in part and denied in part Defendant's motion for summary judgment.[1] Due to the fact that Plaintiffs conceded certain claims, the Court held that Defendant was entitled to summary judgment on Plaintiffs' claims for breach of express warranty and strict liability. The Court also granted Defendant summary judgment on Plaintiffs' claims for negligence and failure to warn pursuant to Tenn. Code Ann. § 29-28-106(a). The only remaining claim was Plaintiffs' allegation of breach of implied warranty. The Court concluded that in light of recently discovered facts about the bronchoscope in question, Plaintiffs were entitled to additional discovery to respond to Defendant's Motion under Rule 56(f). Therefore, the Court denied Defendant's motion for summary judgment on the remaining claim of implied warranty without prejudice.

## STANDARD OF REVIEW

It is settled that the Federal Rules of Civil Procedure do not specifically recognize motions to reconsider.[2] The Sixth Circuit has stated, "District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. A

---

[1] D.E. # 55.

[2] *E.g. Westerfield v. United States*, 2010 WL 653535, at *5 (6th Cir. Feb. 24, 2010).

district court may modify, or even rescind, such interlocutory orders."[3]  In some cases, the Sixth Circuit has explained that this inherent authority derives from common law and Rule 54(b).[4]  In other instances, the Court has held that motions to reconsider filed within the time permitted will be analyzed under Rule 59(e) and all other motions to reconsider filed thereafter under Rule 60(b).[5]  Generally, reconsideration of an interlocutory order is appropriate when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.[6]

## ANALYSIS

In the Motion before the Court, Defendant argues that the Court should reconsider its previous Order in so far as the Court denied Defendant summary judgment on Plaintiff's implied warranty claim.  Defendant has characterized the problem as follows: "after granting OAI summary judgment on all of Plaintiffs' claims *but* breach of implied warranty due to the Court's apparent acceptance of Plaintiffs' assertion that OAI did not move for summary judgment on the

---

[3] *Mallory v. Eyrich,* 922 F.2d 1273, 1282 (6th Cir. 1991) (citations omitted).  *See also Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945-46 (6th Cir. 2004) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind*,* or modify an interlocutory order for cause seen by it to be sufficient.") (citation omitted).

[4] *E.g. Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004).  *See also Jaynes v. Austin*, 20 F. App'x 421, 425 (6th Cir. 2001) ("Under Fed. R. Civ. P. 54(b) an order that determines fewer than all the claims or rights of the parties does not terminate the action, and the order is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.").

[5] *E.g. Westerfield*, 2010 WL 653535, at * 5; *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999).  *See also* Fed. R. Civ. P. 59(e)

[6] *Rodriguez*, 89 F. App'x at 959.

implied warranty claim, the Court then granted Plaintiffs' request for more discovery under Federal Rule of Civil Procedure 56(f) in order to respond to OAI's Motion." As a result, Defendant argues that the Court erred by granting Plaintiffs an opportunity for additional discovery as to the alleged breach of implied warranty while at the same time accepting Plaintiffs' contention that Defendant's Rule 56 motion did not seek summary judgment on that claim. Furthermore, Defendant seeks reconsideration of the Court's ruling to permit Plaintiffs an additional opportunity for discovery pursuant to Rule 56(f).

The Court finds that to the extent that its previous Order could be read to mean that Defendant's Motion did not seek summary judgment on Plaintiffs' breach of implied warranty claim, that implication would be erroneous. Therefore, the Court will clarify its holding. There is no question that Defendant's motion sought summary judgment on the implied warranty claim. Defendant's motion clearly stated, "Plaintiffs' Complaint includes allegations of strict product liability, negligence, breach of express and implied warranty, and negligent failure to warn. (Compl., ¶¶ 20-34.)."[7] Defendant went on to argue for summary judgment as to "each and every one of Plaintiffs' claims" because Plaintiffs could not prove that the bronchoscope was defective and/or unreasonably dangerous or establish causation.[8] Based on these portions of Defendant's brief, it is clear that Defendant sought summary judgment on Plaintiffs' claim of breach of implied warranty.

Defendant based its motion for summary judgment on three arguments. First, Defendant

---

[7] Def.'s Mot. Summ. J. 1-2.

[8] *Id*. at 7.

sought judgment on all of Plaintiffs' claims because Plaintiffs could not adduce evidence to show that Defendant's product was defective and/or unreasonably dangerous or that such a defect was the proximate cause of the injury to Plaintiffs' decedent.[9]  Second, Defendant argued that Tenn. Code Ann. § 29-28-106(a) barred all of Plaintiffs' product liability claims, except those for breach of express or implied warranty.[10]  Third, Defendant moved for judgment on Plaintiffs' breach of express warranty claim contending that Plaintiff could not show that the alleged warranty formed the basis of the bargain.[11]

In response to Defendant's motion, Plaintiffs conceded their claims for strict liability and breach of express warranty.  As for the other claims, Plaintiffs cited recently discovered evidence about the allegedly defective condition of the bronchoscope at issue and argued that summary judgment would not be appropriate.  Plaintiffs finally stated, "No argument or legal authority is offered by OAI sufficient to justify a grant of summary judgment on the breach of implied warranty claim."[12]  The Court reads this statement not to mean that Defendant did not seek summary judgment on the implied warranty claim but that Defendant's arguments were not "sufficient to justify" dismissal of the claim.

In its Order, the Court granted Defendant summary judgment on all claims where Plaintiffs had conceded or failed to respond to Defendant's arguments, namely, the claims for

---

[9] *Id*.

[10] *Id*. at 12-13.

[11] *Id*. at 15.

[12] Pls.' Resp. 9, Apr. 5, 2010.

strict product liability, negligence, breach of express warranty, and negligent failure to warn. At that point, this ruling left only Plaintiffs' claim for breach of implied warranty. In a footnote, the Court stated, "Plaintiffs point out that Defendant has not sought summary judgment as to their claim for breach of implied warranty. Therefore, that claim remains."[13] Although this single comment could be read to mean that Defendant had not sought summary judgment on the alleged breach of implied warranty at all, the Court's comment in context referred to the fact that Defendant had made an alternative argument for summary judgment on the breach of express warranty claim, which Plaintiffs conceded, but not on the claim for breach of implied warranty. In fact, Defendant offered alternative arguments for all of Plaintiff's claims except the implied warranty claim, and the Court granted Defendant's motion on the basis of these alternative arguments.[14] The only basis for dismissal of the implied warranty claim was Defendant's argument about lack of proof of defect or causation. Rather than reach the merits of this argument, the Court granted Plaintiffs' motion for additional discovery pursuant to Rule 56(f). As a result, the Court held, "With respect to the issues where Defendant's Motion was denied, the Motion is denied without prejudice to re-file," an obvious reference to the implied warranty claim as it was the only claim to survive the Order.[15]

      Defendant's Motion for Reconsideration is based largely on Defendant's mistaken

---

[13] Order Granting in Part, Denying in Part Def.'s Mot. Summ. J. 8 n. 13. This single reference in the Court's Order appears to be the basis for Defendant's unsupported contention that "Plaintiffs' assertion that OAI did not move for summary judgment on the breach of implied warranty is inaccurate." Def.'s Mot. Recons. 2.

[14] *See* Order Granting in Part, Denying in Part Def.'s Mot. Summ. J. 8-9.

[15] Order Granting in Part, Denying in Part Def.'s Mot. Summ. J. 14.

reading of the Court's Order to hold that Defendant had not moved for summary judgment on the breach of implied warranty claim and for that reasons the Court never considered the merits of the claim. In fact, the Court's Order stated: "Defendant's Motion seeks summary judgment on Plaintiffs' claims of negligence, strict liability, failure to warn, and breach of express warranty."[16] The Court erred in omitting the implied warranty claim for this list. However, it is equally clear that the Court considered Defendant's arguments and granted Defendant summary judgment on every claim except for the implied warranty claim, denying judgment on that claim "without prejudice to re-file" only because the Court granted Plaintiffs' Rule 56(f) request. The parties briefs are clear that Defendant sought and Plaintiff opposed summary judgment on the implied warranty claim. Obviously, there would have been no need for the Court to address Plaintiffs' Rule 56(f) request had the Court concluded that Defendant had not sought summary judgment on the only remaining claim in the suit, the implied warranty claim. Instead of addressing the implied warranty claim, the Court held that Plaintiffs were entitled to additional discovery under Rule 56(f) before responding to Defendant's contentions about a lack of proof of defect or causation. Finally, if the Court had believed that Defendant was not seeking dismissal of the implied warranty claim, there would have been no need to deny in part Defendant's motion and that without prejudice. Having clarified its holding and finding no clear error of law, Defendant's Motion for Reconsideration is **DENIED** as to this issue.

In addition to reiterating its arguments about Plaintiffs' lack of proof of defect or causation, Defendant has further briefed the Tennessee law of products liability and the elements

---

[16] Order Granting in Part, Denying in Part Def.'s Mot. Summ. J. 8, May 6, 2010.

of a claim for breach of implied warranty. Motions for reconsideration should not be based on legal arguments that the movant has already raised or simply failed to raise in the earlier motion.[17] Furthermore, "where the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal." To the extent that Defendant has simply reiterated the same arguments from its motion for summary judgment or attempts to raise new arguments not previously addressed, Defendant's Motion must be **DENIED**.

Finally, Defendant seeks reconsideration of the Court's decision to grant Plaintiffs' Rule 56(f) request for additional discovery. In support Defendant states, "if one accepts Plaintiffs' erroneous claim that OAI never sought summary judgment on their implied warranty cliam (sic), there is no pending motion for which additional discovery under Rule 56(f) would be needed." The Court has already rejected the premise about "Plaintiffs' erroneous claim." Defendant also moves for reconsideration of the Rule 56(f) relief, detailing the parties' discovery efforts and highlighting Plaintiffs' lack of diligence. The Court's prior Order noted that Plaintiffs had been dilatory in their discovery efforts and properly weighed that factor against Plaintiffs in analyzing the Rule 56(f) factors.[18] Therefore, the Court finds no reason to reconsider its decision to the Rule 56(f) motion, and Defendant's Motion is **DENIED** as to this issue.

---

[17] *See Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605, 2617 n.5 (2008) (citing 11 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2810.1 pp. 127-128 (2d ed. 1995)); *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007). *Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) (quoting *Keweenaw Bay Indian Cmty. v. Michigan*, 152 F.R.D. 562, 563 (W.D. Mich. 1992), *aff'd* 11 F.3d 1341 (6th Cir. 1993)).

[18] Order Granting in Part, Denying in Part Def.'s Mot. Summ. J. 13, May 6, 2010.

**IT IS SO ORDERED.**

              **s/ S. Thomas Anderson**
              S. THOMAS ANDERSON
              UNITED STATES DISTRICT JUDGE

              Date: July 23rd, 2010.