IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| JULIA YOUNG, Individually and as Surviving Spouse and Next of Kin of CECIL YOUNG, DEBRA WILLIAMS, MICHAEL YOUNG, and CECIL YOUNG, JR., as Surviving Children of CECIL YOUNG, ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 07-2547-STA |
| OLYMPUS AMERICA, INC., ) ) | |
| Defendant. ) | |

_____

**ORDER GRANTING IN PART DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES**
_____

Before the Court is Defendant Olympus America, Inc. ("OAI")'s Motion in Limine to Exclude Evidence of Subsequent Remedial Measures (D.E. # 47) filed on March 1, 2010. Plaintiffs have responded in opposition. For the reasons set forth below, Defendant's Motion is **GRANTED**.

Plaintiffs have alleged a series of product liability claims against Defendant arising from the distribution of a medical device known as a bronchoscope. Plaintiffs allege that their father Cecil Young, deceased, contracted a bacterial infection in 2001 following a bronchoscopy due to a defect in Defendant's bronchoscope. According to Plaintiffs, the defect in the bronchoscope allowed bacteria to collect on the instrument and prevented normal sterilization procedures from eliminating the bacteria.

In the Motion before the Court, Defendant argues that any evidence of the subsequent recall of certain bronchoscopes distributed by Defendant should be excluded pursuant to Federal Rule of Evidence 407. Defendant further argues that the recall is irrelevant under Rule 401 in this case because Plaintiffs cannot show that the bronchoscope used on Cecil Young was subject to the recall. Plaintiffs respond that Methodist Hospital has now admitted that both of the bronchoscopes in use at the hospital where Cecil Young underwent his bronchoscopy were recalled in November 2001 and that one or both of them had the defect that caused the recall. Plaintiffs also argue without specificity that evidence of the recall may be admissible for purposes other than to show negligence or defect.

The Court would add that Defendant's Motion was filed in anticipation of a jury trial to commence on June 7, 2010. Since the filing of Defendant's Motion, the Court has ruled on Defendant's motion for summary judgment, *see* Order Granting in Part, Denying in Part Def.'s Mot. Summ. J., May 6, 2010, D.E. # 55, narrowing Plaintiff's claims. The Court also granted Plaintiffs additional time for discovery in order to respond to Defendant's arguments for summary judgment. To that end the jury trial was continued. The parties were given some six months in which to conduct additional discovery and then file another round of dispositive motions. Am. Scheduling Order, May 25, 2010, D.E. # 62. Before the new discovery deadline, counsel for Plaintiffs filed a motion to withdraw, which was granted by order of the United States Magistrate Judge on January 12, 2011. Plaintiffs have now been granted an additional sixty (60) in which to find new counsel. Consequently, trial has yet to be reset.

The Court holds that Federal Rule of Evidence 407 excludes evidence of subsequent remedial measures. The Rule states in relevant part

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction.[1]

The Sixth Circuit has explained that the Rule's "purpose is to permit people to improve their products without running the risk of increasing their liability in the past."[2]  Rule 407 goes on to delineate specific exceptions to the general rule.

Applying the rule to the bronchoscope recall at issue in this case, the Court holds that any evidence of the recall must be excluded in so far as the evidence would be introduced for the purpose of proving Defendant's "negligence, culpable conduct, a defect in the [bronchoscope], a defect in the [bronchoscope]'s design, or a need for a warning or instruction."  As for the admissibility of the recall for any other purpose, the Court reserves its ruling until such time as the record is more fully developed.  Likewise, the Court will take up Defendant's argument about the general relevance of the recall evidence under Rule 401 at that time.  Therefore, Defendant's Motion in Limine is **GRANTED IN PART**.

    **IT IS SO ORDERED.**

                                        s/ S. Thomas Anderson
                                         S. THOMAS ANDERSON
                                         UNITED STATES DISTRICT JUDGE

                                        Date: January 27th, 2011.

---

[1] Fed. R. Evid. 407.

[2] *Bauman v. Volkswagenwerk Aktiengesellschaft*, 621 F.2d 230, 233 (6th Cir. 1980).